MARY A. MILLER *vs.* JAMES M. GOODWIN, Administrator, & others.

An additional consideration for a deed, not inconsistent with the consideration expressed therein, may be shown by parol evidence.

A contract made in contemplation of the marriage of the parties, respecting the property of either, to be performed after marriage, may be enforced in equity.

This court had jurisdiction in equity under the Rev. Sts. c. 74, §§ 8, 9, to decree specific performance by the representatives of a deceased husband, of a written agreement, made by him with his intended wife before marriage, in consideration of her past service to him and of the contemplated marriage, to convey land to her, reserving a life estate therein to himself.

BILL IN EQUITY against the administrator and heirs at law of Jesse Miller, for the specific performance of his agreement under seal, dated August 25th 1852, to convey to the plaintiff, within a reasonable time, certain land in Granville, " reserving to himself the use and possession of the same during his natural life, to be her sole and absolute estate, free from all incumbrances whatsoever." The only consideration expressed in the agreement was her past service for him.

The bill alleged that the agreement was made in consideration of such past services, and in consideration that she would marry him; that they were afterwards married on the same day; that he subsequently made a deed of the land to her, which was void by reason of the coverture; and a will devising it to her

which was void for want of proper attestation; and died seised of the land; and that a conveyance had since been demanded and refused.

The defendants, admitting the other allegations of the bill, denied that the agreement was made in consideration of marriage, or for any other consideration than that expressed therein, and therefore contended that a deed made in accordance with the agreement could not, for want of a proper consideration, operate as a covenant to stand seised, and would consequently be void, as conveying a freehold *in futuro*. They also alleged that the agreement was discharged by the subsequent marriage of the parties; and that the court had no jurisdiction in equity.

The plaintiff offered in evidence the deposition of Orrin S. Case, the attorney who drew the agreement, which, if admissible, proved that the intended marriage was a part of the consideration. The parties submitted the above case to the decision of the full court.

*W. G. Bates*, for the plaintiff.

*C. A. Winchester*, for the defendants.

The decision was made at September term 1858.

METCALF, J. Although the only consideration expressed in Jesse Miller's contract with the plaintiff is her past service performed for him, yet an additional consideration, consistent with that which is expressed, may be shown by parol evidence. *Gale* v. *Coburn*, 18 Pick. 402. *Preble* v. *Baldwin*, 6 Cush. 553, 557. *Eppes* v. *Randolph*, 2 Call, 125. 2 Steph. N. P. 1537. 1 Greenl. Ev. § 304. And the deposition of Case shows that the contemplated marriage of the parties was a part of the consideration of this contract.

If the contract had been that the land should be conveyed to the plaintiff after Miller's decease, the subsequent marriage of the parties would not have released nor extinguished it. 1 Dane Ab. 334. *Clark* v. *Thomson*, Cro. Jac. 571. *Anon.* Lit. R. 32. *Milbourn* v. *Ewart*, 5 T. R. 381. But a marriage between parties, who have previously made contracts with each other, which are to be performed presently, or during the marriage, releases or extinguishes such contracts. This has been the law

from the time of Edward the fourth. Co. Lit. 264 *b*. 1 Bl. Com 442. Such contracts, however, when made in contemplation of marriage, and respecting the property of either of the parties, though released or extinguished at law, are held good in equity, and will be enforced by a court of chancery against the heirs of the party in default. *Haymer* v. *Haymer*, 2 Vent. 343. *Holtham* v. *Ryland*, Nels. Ch. 205. *Acton* v. *Acton*, Pre. Ch. 237, and 2 Vern. 480. *Cannel* v. *Buckle*, 2 P. W. 242. 1 Sugd. Vend. (7th Amer. ed.) 286. 2 Spence Eq. Jur. 506, 661. 2 Story on Eq. § 1370.

The only question then is, Has the court jurisdiction in equity of this case? And without determining whether the Rev. Sts. *c.* 81, § 8, confer jurisdiction in a case like this, (where the plaintiff has no remedy at all at law,) we are of opinion that it is conferred by the Rev. Sts. *c.* 74. By § 8 of that chapter, " when any person, who is bound by a contract in writing to convey any real estate, shall die before making the conveyance, the other party may have a bill in equity, in the supreme judicial court, to enforce the specific performance of the contract by the heirs, devisees, or the executor or administrator of the deceased party." By § 9, " the court shall hear and determine every such case according to the course of proceedings in chancery, and shall make such decree therein as justice and equity shall require." We understand these sections to authorize the court to enforce specific performance, by the heirs, &c. of a deceased person, of a contract made by him for the conveyance of real estate, whenever, according to the rules of equity as administered in a court of chancery, such court would decree specific performance thereof. *Reed* v. *Whitney*, 7 Gray, 537. That such court would do so in the present case, the authorities above cited conclusively show. A clearer case of justice and equity than this never came before a court. The contract was made on meritorious considerations, and the obligor intended, to the last, substantially to fulfil it. He failed so to do through want of competent legal knowledge or advice; and his heirs or administrator, or both, must now be required to convey the land to the plaintiff, according to the provisions of the Rev. Sts. *c.* 74 § 10.                *Specific performance decreed.*